UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FERNANDO FUERTES MUNOZ,

Petitioner,

v. Case No.: 2:26-cv-2330-SPC-NPM

I.C.E. *et al.*,

Respondent.
_________________________________/

# OPINION AND ORDER

Before the Court are Fernando Fuertes Munoz's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Fuertes Munoz is a noncitizen in immigration detention. On July 21, 2026, the Court granted his prior habeas petition and ordered the government to afford him a bond hearing with certain guardrails:

> The Court will thus order Respondents to either release Fuertes Munoz or bring him before an immigration judge within ten days for a second bond hearing where the government must show that he is a flight risk or danger to the community. **To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by Fuertes Munoz and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006)**. Fuertes Munoz's counsel (if any) must receive at least 48 hours' notice of the hearing, but only if he enters an appearance in the Executive Office of Immigration Review's (EOIR's) online filing system in time to receive the notice. The Court is aware the EOIR is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. If Respondents are unable to ensure that Fuertes Munoz timely receives a bond hearing that complies with this Order, they must release him under reasonable terms of supervision.

*Munoz v. Immigration and Customs Enforcement*, 2:26-cv-1470-JES-DNF, 2026 WL 2089039, at *2 (M.D. Fla. July 21, 2026) (emphasis added). On July 29, 2026, Immigration Judge Jennifer Mazza denied bond with this order:

> Pursuant to a Habeas Petition wherein The Department of Homeland Security had the burden. The DHS met their burden showing Respondent is a flight risk. DHS demonstrated Respondent was a risk of flight. See Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006), Matter ofR-A-V-P-, 27 l&N Dec. 803 (BIA 2020), and Matter of AL-S-, 29 l&N Dec. 794 (BIA 2026).

(Doc. 7-1 at 23).

After careful review of the record, the Court finds that the July 29, 2026 bond hearing failed to comply with the Court's prior habeas order because the resulting order did not reflect consideration of the evidence or the *In re Guera* factors. Because Fuertes Munoz did not receive a bond hearing that complied with the Court's habeas order, he is entitled to the alternative relief—release from custody.

Accordingly, it is

**ORDERED**:

Fuertes Munoz's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

1. The respondents shall release Fuertes Munoz within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.
2. The Clerk shall terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on October 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record